FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 20 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LOUIS DISANTO, et al.

        Plaintiffs,

-against-

WELLS FARGO BANK, et al.,

        Defendants.
------------------------------------------------------------x

**MEMORANDUM & ORDER**
**ADOPTING**
**REPORT & RECOMMENDATION**

12-CV-5204 (SLT)(JO)

**TOWNES, United States District Judge:**

On August 20, 2014, Magistrate Judge James Orenstein issued a Report and Recommendation (R&R) recommending that this Court *sua sponte* dismiss all of Plaintiffs' claims. (*See* ECF No. 6.) For the reasons set forth below, the Court adopts the R&R.

## BACKGROUND

Plaintiffs filed this declaratory judgment action on October 17, 2012, against Wells Fargo and six other Defendants (George Peabody Co-op Bank, Washington Mutual Bank, Americas Wholesale Lender, Wachovia Mortgage, New Century Mortgage Corp., and Mortgage Electronic Registration Systems, Inc.), seeking to prevent the foreclosure of Plaintiffs' residential mortgage. (*See* ECF No. 1.) Plaintiffs filed an affidavit of service as to Defendant Wells Fargo on February 15, 2013. (ECF No. 4.) Based on the lack of subsequent activity in this case, Judge Orenstein issued the following order on July 10, 2013:

> A review of the docket indicates that the plaintiff has not filed proof of timely service of the Summons and Complaint as required, *see* Fed. R. Civ. P. 4(l), (m), as to defendants George Peabody Co-op Bank, Washington Mutual Bank, Americas Wholesale Lender, Wachovia Mortgage, New Century Mortgage Corp. and Mortgage Electronic Registration Systems, Inc. No later than July 17, 2013, the plaintiff must either file proof of timely service on the docket or file a motion requesting an extension of the time to effect service for good cause. *See* Fed. R. Civ. P. 4(m). Failure to comply will result in a recommendation that the case against (sic) be dismissed for failure to prosecute as to those defendants.

> Further, there has been no activity in this case since the summons was returned executed on February 15, 2013 (docket entry 4) as to defendant Wells Fargo Bank. No later than July 31, 2013, one of the following events must occur: (a) defendant Wells Fargo Bank must file an answer, (b) the parties must file a stipulation extending its time to answer, or (c) the plaintiff must file a request for a certificate of default. If none of the preceding events occurs by the deadline set forth above, I will deem the plaintiff to have abandoned the case against Wells Fargo Bank and will promptly file a Report and Recommendation urging the assigned District Judge to dismiss the case for failure to prosecute. The plaintiffs['] counsel is directed to provide a copy of this order to his client and to the defendants.

(ECF No. 5.) The deadlines set by Judge Orenstein's order passed without any activity from Plaintiffs. Judge Orenstein then ordered Plaintiffs to show cause in writing by August 8, 2013, why he should not recommend dismissal of their action for failure to prosecute. (*See* Order dated Aug. 1, 2013.) Plaintiffs filed no response.

Accordingly, Judge Orenstein recommends that this Court dismiss with prejudice Plaintiffs' claims against Defendant Wells Fargo Bank ("Wells Fargo") for failure to prosecute, and dismiss without prejudice the claims against all other Defendants based on Plaintiffs' failure to effect timely service of process pursuant to Federal Rules of Civil Procedure 4(m) and 41(b).

## DISCUSSION

A district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Even when no objections are filed, however, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05 Civ. 339 (NGG)(AKT), 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007). Plaintiffs have not filed any objections to Judge Orenstein's R&R. However, Plaintiffs did file an affidavit of service as to all Defendants on August 23, 2013. (*See* ECF No. 7.) The affidavit does not demonstrate timely service. Rather, it clearly demonstrates untimely service. Plaintiffs

have filed nothing with the Court to demonstrate good cause for this failure and have not requested an extension of time to effect service.

Although not required to do so, this Court has reviewed Judge Orenstein's R&R for clear error on the face of the record. The Court finds no clear error and therefore adopts the R&R in its entirety as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1).

## CONCLUSION

For the reasons stated above, Magistrate Judge Orenstein's Report and Recommendation (ECF No. 6) recommending that this Court dismiss with prejudice Plaintiffs' claims against Defendant Wells Fargo Bank for failure to prosecute and dismiss without prejudice the claims against all other Defendants based on Plaintiffs' failure to effect timely service of process pursuant to Federal Rules of Civil Procedure 4(m) and 41(b), is adopted in its entirety.

**SO ORDERED.**

/s/ Sandra L. Townes
_____
SANDRA L. TOWNES
United States District Judge

Dated: January 16, 2015
Brooklyn, New York